UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH LANG ) | |
| ) | |
| Plaintiff ) | |
| ) | Case Number |
| vs. ) | |
| ) | |
| SIMM ASSOCIATES, INC. ) | CIVIL COMPLAINT |
| and ) | |
| NATIONAL ASSET ) | |
| RECOVERY SERVICES, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Kenneth Lang, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.   Plaintiff, Kenneth Lang, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendants transact business in this District and maintain registered offices in this District.

## III.  PARTIES

4. Plaintiff, Kenneth Lang, is an adult natural person residing at 1001 NW 45th Street, Unit 4, Pompano Beach, FL  33064.

5. Defendant, SIMM Associates, Inc. ("SIMM"), at all times relevant hereto, is and was a Delaware Corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with its principal place of business located at 800 Pencader Drive, Newark, DE 19702 and a registered office located at 2704 Commerce Drive, Harrisburg, PA  17110.

6. Defendant, National Asset Recovery Services, Inc. ("NARS"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with its principal place of business located at 16253 Swingley Ridge Road, Saint Louis, MO  63017 and a registered office located at 2704 Commerce Drive, Harrisburg, PA  17110.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants regularly attempt to collect consumer debts alleged

to be due to another.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8.     In or around mid May 2009, Plaintiff began to receive telephone calls from Defendant, SIMM'S agent, Aretha Coleman regarding an alleged consumer debt, namely an Imagine MasterCard account currently owned by Jefferson Capital System, LLC.  The calls came from 636-530-7985.

9.     In or around the end of May 2009, Plaintiff verbally disputed the alleged debt and asked for a collection notice to be sent to him.

10.    Plaintiff did not receive the collection notice however; Defendant, SIMM, by and through its agents continued to call Plaintiff repeatedly.  The calls came from 636-530-7985.

11.    Plaintiff contacted Defendant, SIMM's agents, Aretha Coleman, Ms. Morris and Ms. Campbell several more times between June and July 2009 and continued to request something in writing from Defendant, SIMM.

12.    Additionally, Plaintiff requested that all calls cease until he had received the same from Defendant, SIMM.

13.    During one call, on or around June 24, 2009, to 636-530-7985, Plaintiff was informed by Defendant, NARS's agents, Dale and Tasha that he had to speak to Defendant, SIMM regarding the alleged debt.

14. This completely confused the Plaintiff since he had been receiving calls from Defendant, SIMM's agents from 636-530-7985 all along.

15. Although having knowledge of the alleged debt, Defendant, NARS's agent, Tasha gave Plaintiff a different number in order to contact Defendant, SIMM's agent, Ms. Coleman.

16. Plaintiff continued to receive calls from Defendant, SIMM using phone number 636-530-7985, which allegedly belongs to Defendant, NARS.

17. Plaintiff's confusion, frustration and mental anguish mounted daily.

18. On or about July 24, 2009, Plaintiff received a call from Defendant, SIMM's agent, Aretha Coleman in an attempt to collect the alleged debt. Ms. Coleman called from 636-530-7985. Ms. Coleman professed to have faxed the collection notice Plaintiff had requested since May 2009.

19. Plaintiff, confused and upset, informed Defendant, SIMM's agent, Aretha Coleman, that he refused to have any further dealings with Defendants.

20. On or about July 30, 2009, Plaintiff finally received a faxed written notice from Defendant, SIMM. See a copy of the fax appended hereto and marked "**EXHIBIT A**".

21. However, the aforementioned fax informed Plaintiff that Defendant, SIMM would be withdrawing a $572.93 payment from Plaintiff's checking account on August 15, 2009. The fax also stated that this payment was pursuant to an alleged conversation between Plaintiff and Defendant on July 29, 2009.

22. Plaintiff did not speak to an agent of Defendant on July 29, 2009 nor did he authorize anything to be debited from his checking account.

23. Furthermore, Defendant's first written notice to Plaintiff failed to provide Plaintiff with the required Validation Rights Notice.

24. Notwithstanding the above, Defendant, SIMM's and Defendant, NARS's behavior was both misleading and abusive to the Plaintiff.

25. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(5), d(6), e, e(2), e(10), e(11), e(14), f, f(1), g, g(a)(1), g(a)(2), g(a)(3), g(a)(4), g(a)(5) and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, SIMM Associates, Inc. and National Asset Recovery Services, Inc., for the following:

- a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;
- b. Actual damages;
- c. Statutory damages pursuant to 15 U.S.C. § 1692k;
- d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and
- e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

                                            **Respectfully submitted,**

                                            **WARREN & VULLINGS, LLP**

**Date: August 21, 2009**             **BY:** <u>*/s/  Brent F. Vullings*</u>
                                                      Brent F. Vullings, Esquire
                                                      Warren & Vullings, LLP
                                                      1603 Rhawn Street
                                                      Philadelphia, PA  19111
                                                      215-745-9800   Fax 215-745-7880
                                                      Attorney for Plaintiff